**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51978**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>TYLER LEE MORRELL,<br><br>      **Defendant-Appellant.** | **Filed: April 7, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for aggravated battery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

University of Idaho Legal Aid Clinic; Katherine Ball and Erin Howey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

    Tyler Lee Morrell pled guilty to aggravated battery. Idaho Code §§ 18-903(a), -907(1)(a). In exchange for his guilty plea, the State agreed not to file a sentencing enhancement. The district court sentenced Morrell to a unified term of ten years, with a minimum period of confinement of three years.[1] Morrell appeals, arguing that his sentence is excessive.

---

[1]    The district court ordered Morrell's sentence to run concurrently with any of Morrell's other sentences currently being served.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Morrell's judgment of conviction and sentence are affirmed.